UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOESEPH JOHN CURRY,<br><br>    Petitioner,<br><br>    v.<br><br>ELDON VAIL,<br><br>    Respondent. | CASE NO. C09-5144BHS<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for August 28, 2009 |

The underlying Petition for a Writ of Habeas Corpus has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge's Rule MJR3 and MJR4. Petitioner is seeking federal habeas relief, pursuant to 28 U.S.C. § 2254, from a state conviction for assault of a child in the second degree. On October 23, 2006, he was sentenced by the Mason County Superior Court to 54 months confinement.

## FACTUAL AND PROCEDURAL BACKGROUND

The Washington State Court of Appeals summarized the case as follows:

In May 2005, eight-year-old J informed his father that two years earlier, while he was living with his mother and Curry, Curry had circumcised him using a model knife, scissors and hot water. J's father notified the police. Detective Luther Pittman interviewed Curry. Curry, who was a medical specialist in the Army, admitted to circumcising J after J's doctor refused to do so. He said he did so using a topical anesthetic and a scalpel and then applied an antibiotic cream and bandages. He said he did the circumcision for hygienic reasons and did so with J's mother's permission. Dr. Brad Anderson, who had declined to perform the circumcision, examined J after he made his disclosure to his father. Dr. Anderson found that J had scarring immediately below the glans[sic] of the penis consistent with an overly aggressive circumcision. Because of J's age, Dr. Anderson was unable to determine whether the scarring will affect J in the future. Dr. Michael Ellen, a urologist, examined J and made similar findings and conclusions about J's circumcision.

The State charged petitioner with assault of a child in the second degree – domestic violence.

(Dkt. # 14, Exhibit 6).

## PROCEEDURAL HISTORY

On the day of sentencing, October 23, 2006, petitioner appealed his conviction and sentence to the Washington State Court of Appeals. He raised the following claims in his appellate brief:

1. Whether it was reversible error for the trial court to give court's instruction 11 defining recklessness that allowed the jury to convict Curry of assault of a child in the second degree without finding all of the necessary elements required? [Assignment of Error No. 1].

2. Whether the trial court erred in permitting Curry to be represented by counsel who provided ineffective assistance by failing to object to or by agreeing to the court's instruction 11? [Assignment of Error No. 2].

(Dkt. # 14, Exhibit 3, page 1). In a supplemental pro se brief petitioner raised the following claims:

1. The trial court erred in violating Curry's Due Process Rights.

2. Curry was prejudiced as a result of his trial counsel's failure to present witnesses and address conflicting evidence.

REPORT AND
RECOMMENDATION - 2

(Dkt. # 14, Exhibit 4 pages 1 and 2). Exactly one year after sentencing, on October 23, 2007, the Washington Court of Appeals affirmed the judgment and sentence in a Commissioner's ruling (Dkt. # 14, Exhibit 6). Petitioner filed both a motion for reconsideration and a motion to modify the ruling. On January 8, 2008, the Washington Court of Appeals denied the motion to modify the ruling. Thus, the motion for reconsideration was denied *sub silentio* (Dkt. # 14, Exhibit 9).

Petitioner filed for discretionary review in the Washington Supreme Court and raised the following claims:

1. Did the trial court deny defendant effective assistance of counsel?

2. Whether the record on appeal was complete for a fair review of defendant's raised issues?

3. Did the trial court error in denying defendant's material evidence for witness impeachment?

4. Whether defendant was denied constitutional rights to discovery?

5. Did the trial court deny defendant's constitutional rights to a fair trial under due process and Sixth Amendment?

(Dkt. # 14, Exhibit 10 page 1). On September 23, 2008, the Washington Supreme Court denied review. Just prior to the order denying review being entered, petitioner filed a personal restraint petition in the Washington Court of Appeals (Dkt. # 14, Exhibit 14). The only claim was:

The Petitioner, Joseph J. Curry, should be credited for 10 months, 19 days, due to sentencing erred[sic] in certifying time served under detainer on Cause No. 05-1-0338-3.

(Dkt. # 14, Exhibit 14). The personal restraint petition was denied June 24, 2008. No petition for discretionary review was filed.

In his federal Habeas Corpus petition petitioner raises the following claims:

REPORT AND
RECOMMENDATION - 3

1. Whether the trial court erred in giving court's instruction #11 defining recklessness that allowed the jury to convict Curry of assault of a child in the second degree without finding all of the necessary elements required?

2. Whether the trial court erred in permitting Curry to be represented by counsel who provided allegedly ineffective assistance by:

    a) failing to object to or by agreeing to the court's instruction #11?

    b) failing to present "key" witnesses, including Jean Robbins (Curry's co-defendant, ex-wife of State's witness Jess Robbins Sr., and mother of alleged victim), who allegedly possessed material, exculpatory and impeaching evidence against State's witnesses?

    c) exparte communication between trial court and defense counsel?

(Dkt. # 5 page 1).

Respondent argues this petition is unexhausted and procedurally barred (Dkt. # 13). Having reviewed the entire file the court concludes this is a mixed petition and not procedurally barred.

## **EVIDENTIARY HEARING NOT REQUIRED**

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing in this court shall not be held unless the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no

REPORT AND
RECOMMENDATION - 4

rational fact finder would have found him guilty of the crime. Therefore, this court concludes that there is no reason to conduct an evidentiary hearing.

## **DISCUSSION**

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. Estelle v. McGuire, 502 U.S. 62 (1991); Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984);

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

*A.     Exhaustion.*

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented at every level of appeal. Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S. 364 (1995). It is not enough

that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).

Petitioner's first claim, the giving of jury instruction 11, was presented to the Washington State Court of Appeals on direct appeal (Dkt # 14, Exhibit 3). The court need not decide if the claim was presented as a federal claim or on state law grounds because the claim was not presented to the Washington Supreme Court (Dkt # 14, Exhibit 10). This claim was not properly exhausted.

Petitioner's claim 2 (a), counsel being ineffective for not objecting to jury instruction 11, was not presented to the State Supreme Court (Dkt # 14, Exhibit 10). Thus, like the first claim for review, this claim was not properly exhausted.

Petitioner's claim 2 (b), failure to call witnesses was raised on direct appeal in the supplemental brief filed by petitioner (Dkt # 14, Exhbit 10). The court has reviewed that brief and the Washington State Court of Appeals ruling affirming the judgment and sentence (Dkt # 14, Exhibits 4 and 6). Petitioner does not specifically inform the state court he is raising a federal claim. Petitioner does not cite to any case law, federal or state, in this section of his supplemental brief (Dkt. # 14, Exhibit 4).

In addressing the claim, the Washington State Court of Appeals cites to United States Supreme Court case law and analyses the issue as a claim for a violation of the right to counsel under the Sixth Amendment (Dkt. # 6 pages 4 and 5)(citing Strickland v Washington, 466 U.S. 668 (1984)). Thus, the Washington State Court of Appeals considered the claim as a federal claim. There is no doubt the claim is raised as a United States Constitutional Sixth Amendment claim at the Washington Supreme Court level (Dkt # 14, Exhibit 10).

REPORT AND
RECOMMENDATION - 6

Where the state court actually considers a claim on the merits, and where that court cites federal cases which employ a federal standard for an alleged violation of a United States Constitutional Right, the court considers the claim exhausted.

When the Washington State Court of Appeals cited to Strickland v Washington, 466 U.S. 668 (1984) they made clear that petitioner's ineffective assistance of counsel claim was being considered as a Sixth Amendment claim. The Washington Court of Appeals considered petitioner's claim and held petitioner did not demonstrate counsel was ineffective (Dkt. # 14, Exhibit 6 page 4 and 5). This claim is exhausted.

Petitioners final claim, 2 (c), which alleges *exparte* communications between counsel and the court was not raised at either the Washington Court of Appeals or the Washington Supreme Court (Dkt. # 14, Exhibits 3, 4, and 10). This claim was not properly exhausted.

B.  *Procedural Bar.*

Respondent argues that petitioner cannot return to state court because he has already filed a collateral challenge and any subsequent petition will be barred pursuant to RCW 10.73.140. The court disagrees. Mr. Curry's personal restraint petition addressed only the calculation of time on his sentence, not the propriety of his conviction or sentence. Mr. Curry argued that he was entitled to time credit for time spent in custody after a detainer was filed (Dkt. # 14, Exhibit 14). The first personal restraint petition did not challenge his conviction or sentence and may not be construed by the state court as a collateral challenge for the purposes of RCW 10.73.140. Further, even if the court did consider the new petition as a subsequent petition. The court may consider the timing and nature of the first personal restraint petition and accept the second petition. Thus, the court should not consider this petition procedurally barred.

*C. Mixed petitions.*

This petition contains both exhausted and unexhausted claims. Federal courts cannot consider mixed petitions. Rose v Lundy, 455 U.S. 522 (1982). However, a district court may deny an entire petition on the merits without first requiring exhaustion. *See*, 28 U.S.C. § 2254 (b)(2). Here, denying the entire petition on the merits would not be proper as the last claim for relief has not been briefed by both sides or ruled on by any state court.

The options available to the court are: 1) to hold the petition in abeyance while petitioner returns to state court; 2) to give petitioner the chance to dismiss his unexhausted claims and go forward on the only exhausted claim, claim 2(b). Dismissal without prejudice of the entire petition is not an option because a federal court cannot dismiss a mixed petition without giving the petitioner the opportunity to either return to state court, (dismiss on his own), or dismiss his unexhausted claims and go forward on only the exhausted claims. Rose v Lundy, 455 U.S. 522 (1982); Jefferson v Budge, 419 F.3d 1013 (9th Cir. 2005).

A petition may be held in abeyance on a motion from petitioner after the petitioner dismisses his unexhausted claims first. The procedure is only appropriate where there is good cause for failure to exhaust the claims in the first place. Rhines v. Weber, 544 U.S. 269, 277 (2005). Petitioner has filed a traverse to the answer (Dkt # 15). Petitioner asks that his pleadings be construed liberally because he is a pro se. He does not set forth any reason for failing to exhaust his claims at every level of appeal. Petitioner has not shown good cause for his failure to comply with the rules associated with habeas corpus. Holding the petition in abeyance would not be proper.

This leaves the court with the final option; petitioner should be given the option of dismissing his unexhausted claims and proceeding on only claim 2(b), or dismissing the entire

REPORT AND
RECOMMENDATION - 8

petition without prejudice so he can attempt to exhaust his other claims.  If petitioner does not dismiss the unexhausted claims the entire petition must be dismissed without prejudice

## **CONCLUSION**

Based on the foregoing discussion, the Court should give petitioner thirty days to either dismiss his unexhausted claims and proceed only on claim 2(b), or dismiss the entire petition without prejudice and return to state court.  If petitioner takes no action, the entire petition should be dismissed without prejudice.  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on August 28, 2009, as noted in the caption.

Dated this 4th day of August , 2009.

*/s/ J. Richard Creatura*
J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 9