UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH JOHN CURRY,

    Petitioner,

  v.

ELDON VAIL,

    Respondent.

CASE NO. C09-5144BHS/JRC

REPORT AND RECOMMENDATION

Noted for March 5, 2010

   The underlying Petition for a Writ of Habeas Corpus has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge's Rule MJR3 and MJR4. Petitioner is seeking federal habeas relief, pursuant to 28 U.S.C. § 2254, from a state conviction for assault of a child in the second degree. On October 23, 2006, he was sentenced by the Mason County Superior Court to 54 months confinement.

   This is the second Report and Recommendation in this case. The first Report and Recommendation noted that all but one ground for review were unexhausted (Dkt. # 17). Petitioner has abandoned all unexhausted grounds for relief and is now proceeding on the one exhausted claim

REPORT AND
RECOMMENDATION - 1

(Dkt. # 18). The petition has been referred back to this court (Dkt. # 20). The remaining ground for relief is that trial counsel was ineffective for not calling Jean Robbins to testify. She is Curry's co-defendant, the ex-wife of State's witness Jess Robbins Sr., and the mother of the alleged victim (Dkt. # 4).

## **FACTUAL AND PROCEDURAL BACKGROUND**

The Washington State Court of Appeals summarized the case as follows:

> In May 2005, eight-year-old J informed his father that two years earlier, while he was living with his mother and Curry, Curry had circumcised him using a model knife, scissors and hot water. J's father notified the police. Detective Luther Pittman interviewed Curry. Curry, who was a medical specialist in the Army, admitted to circumcising J after J's doctor refused to do so. He said he did so using a topical anesthetic and a scalpel and then applied an antibiotic cream and bandages. He said he did the circumcision for hygienic reasons and did so with J's mother's permission. Dr. Brad Anderson, who had declined to perform the circumcision, examined J after he made his disclosure to his father. Dr. Anderson found that J had scarring immediately below the glans[sic] of the penis consistent with an overly aggressive circumcision. Because of J's age, Dr. Anderson was unable to determine whether the scarring will affect J in the future. Dr. Michael Ellen, a urologist, examined J and made similar findings and conclusions about J's circumcision.
>
> The State charged petitioner with assault of a child in the second degree – domestic violence.

(Dkt. # 14, Exhibit 6).

## PROCEEDURAL HISTORY

On the day of sentencing, October 23, 2006, petitioner appealed his conviction and sentence to the Washington State Court of Appeals. He raised the following claims in his appellate brief:

1. Whether it was reversible error for the trial court to give court's instruction 11 defining recklessness that allowed the jury to convict Curry of assault of a child in the second degree without finding all of the necessary elements required? [Assignment of Error No. 1].

2. Whether the trial court erred in permitting Curry to be represented by counsel who provided ineffective assistance by failing to object to or by agreeing to the court's instruction 11? [Assignment of Error No. 2].

(Dkt. # 14, Exhibit 3, page 1). In a supplemental pro se brief petitioner raised the following claims:

REPORT AND
RECOMMENDATION - 2

1. The trial court allegedly erred in violating Curry's Due Process Rights.

2. Curry was allegedly prejudiced as a result of his trial counsel's failure to present witnesses and address conflicting evidence.

(Dkt. # 14, Exhibit 4 pages 1 and 2). Exactly one year after sentencing, on October 23, 2007, the Washington Court of Appeals affirmed the judgment and sentence in a Commissioner's ruling (Dkt. # 14, Exhibit 6). Petitioner filed both a motion for reconsideration and a motion to modify the ruling. On January 8, 2008, the Washington Court of Appeals denied the motion to modify the ruling. Thus, the motion for reconsideration was denied sub silentio (Dkt. # 14, Exhibit 9).

Petitioner filed for discretionary review in the Washington Supreme Court and raised the following claims:

1. Did the trial court deny defendant effective assistance of counsel?

2. Was the record on appeal complete for a fair review of defendant's issues?

3. Did the trial court err in denying defendant's material evidence for witness impeachment?

4. Was defendant denied his constitutional right to discovery?

5. Did the trial court deny defendant's constitutional right to a fair trial under due process and Sixth Amendment?

(Dkt. # 14, Exhibit 10 page 1). On September 23, 2008, the Washington Supreme Court denied review. Just prior to the entry of the order denying review, petitioner filed a personal restraint petition in the Washington Court of Appeals (Dkt. # 14, Exhibit 14). The only claim was:

> The Petitioner, Joseph J. Curry, should be credited for 10 months, 19 days, due to sentencing erred[sic] in certifying time served under detainer on Cause No. 05-1-0338-3.

(Dkt. # 14, Exhibit 14). The personal restraint petition was denied June 24, 2008. No petition for discretionary review was filed.

Petitioner raises the following claims in his federal habeas corpus petition:

1. Whether the trial court erred in giving court's instruction #11 defining "recklessness," which allowed the jury to convict Curry of assault of a child in the second degree without finding all of the necessary elements?

2. Whether Curry received ineffective assistance of counsel by counsel:

   a) failing to object to or agreeing to the court's instruction #11?

   b) failing to present "key" witnesses, including Jean Robbins (who is Curry's co-defendant, the ex-wife of State's witness Jess Robbins Sr., and the mother of the alleged victim), who allegedly possessed material, exculpatory and impeaching evidence against State's witnesses?

   c) exparte communication between trial court and defense counsel?

(Dkt. # 5 page 1). All claims except claim 2 (b) have been dismissed as they were unexhausted. (Dkt # 20.) Having reviewed the entire file the court concludes the remaining claim is without merit and should be denied.

## EVIDENTIARY HEARING NOT REQUIRED

Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C. §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law. Further, there are no factual issues that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty

of the crime. Therefore, this court concludes that an evidentiary hearing is not necessary to decide this case.

## DISCUSSION

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a) (1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. Estelle v. McGuire, 502 U.S. 62 (1991); Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984);

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e) (1).

*Ineffective Assistance of Counsel.*

The test to be applied in determining whether petitioner received ineffective assistance of counsel is twofold: petitioner must demonstrate that counsel's performance was, considering all the circumstances, unreasonable under prevailing professional norms, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). Both parts need be established; failure to

REPORT AND
RECOMMENDATION - 5

make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Strickland, 466 U.S. at 700. Considering the first prong, petitioner must rebut "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and that counsel's performance was "sound trial strategy." Id. at 689. The Court must attempt to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. To meet the second Strickland requirement of prejudice, "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Petitioner argues counsel was ineffective for not calling Jean Robbins because she would have supplied testimony as to the biological fathers' alleged history of physical and emotional abuse. However, the father's past history was not at issue. Testimony of this nature would have been irrelevant to whether petitioner had performed an unlicensed circumcision. Thus, failure to call the witness for this reason was not deficient performance.

Petitioner also argues Jean Robbins would have supplied testimony regarding Dr. Anderson's medical findings noting that the victim had been examined several times without any finding that the circumcision may have been harmful. However, Dr. Anderson explained on direct that while he had examined the victim for other issues, he did not normally conduct genital examinations on seven-year-old boys unless there was a reason to do so. Petitioner presents no evidence that contradicts the doctor's testimony.

Petitioner also argues Jean Robbins would have testified that Dr. Anderson "mis-diagnosed" a broken arm as having been caused by abuse from Mr. Curry. This information was the subject of a motion in limine brought by Mr. Curry's attorney at the start of the case. The court ruled:

> The Court will grant a motion in limine, then, that Mr. Curry's current circumstances – i.e. that he is in prison, that he has a prior conviction for assault of the child, and the prior conduct that led up to that conviction, as well as any information from a medical report or a medical doctor that there were other injuries that were being investigated that apparently had occurred to this particular child. All of those will not be brought up in front of the jury. The court will grant the motion in limine.

(Dkt. # 24, supplemental record, Trial Proceedings at page 79). Thus, Jean Robbins could not be called to testify regarding Dr. Anderson's prior medical examination regarding the broken arm or petitioner's prior second degree assault conviction. Petitioner has presented no evidence showing counsel's performance was ineffective.

The Washington Court of Appeals considered this claim and held:

> … Curry also contends that his trial counsel was ineffective because he (1) failed to address conflicting statements that Dr. Anderson and Ellen made. But he fails to demonstrate what J's mother or brother would have testified to. And he fails to demonstrate how further cross-examination of Drs. Anderson and Ellen would have probably changed the result of the trial. Thus, he does not demonstrate any ineffective assistance of counsel.

(Dkt. # 14, Exhibit 6, page 5). The state court's ruling properly considered the ineffective assistance of counsel claim using the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687-91 (1984). The holding is consistent with clearly established federal law and is reasonable given the information before the Washington State Court of Appeals. Accordingly, petitioner does not show the state court erred and this petition should be DENIED.

## **CONCLUSION**

Based on the foregoing discussion, the Court should DENY this petition WITH PREJUDICE. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days

from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on March 5, 2010, as noted in the caption.

DATED this 11th day of February, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 8